UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LETCHWORTH REALTY, LLC,

                              Plaintiff,                    Case No. 6:15-CV-06680-FPG

        v.                                                 DECISION AND ORDER

LLHC REALTY, LLC,

                              Defendant.

## INTRODUCTION

This post-judgment commercial foreclosure action returns to the Court on four motions filed after the sale of the mortgaged property.

Plaintiff Letchworth Realty, LLC (the "Lender") obtained a Final Judgment of Foreclosure and Sale against Defendant LLHC Realty, LLC (the "Borrower") on July 2, 2019.[1]  ECF No. 101. Pursuant to that judgment, a foreclosure sale was held on December 5, 2019, and the Lender purchased the property.  ECF No. 113 at 9.  The Lender now moves to confirm the referee's report of the sale, approve the receiver's accounts, and discharge the receiver, ECF No. 114; and for leave to file a separate action for a deficiency judgment against non-parties Frank Luellen and Jeffrey Luellen (the "Guarantors").  ECF No. 111.  In response, the Guarantors move to intervene in order to oppose the Lender's motion to file a separate action.  ECF Nos. 119, 120.

For the reasons discussed below, the Court finds that the Lender should have and could have named the Guarantors as defendants and sought a deficiency judgment against them in the instant foreclosure action.  Accordingly, a separate action is not warranted, and the Lender's motion for that relief is DENIED.  The remaining motions—all unopposed—are GRANTED.

---

[1] The judgment was amended on July 26, 2019, to reflect that the original plaintiff, Wells Fargo Bank, N.A., assigned the judgment to Letchworth Realty, LLC, which was substituted in as plaintiff.  ECF No. 104.

## DISCUSSION

I. **The Lender's Motion for Leave to File a Separate Action Against the Guarantors**

    A. **New York's Election of Remedies Rule: RPAPL § 1301**

The Lender brings its motion for leave to file a separate action against the Guarantors pursuant to New York Real Property Actions and Proceeding Law ("RPAPL") § 1301(3), which governs mortgage foreclosure proceedings.  RPAPL § 1301(3) is part of an election of remedies rule, which provides as follows:

> 1. Where final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued upon the judgment to the sheriff of the county where he resides, if he resides within the state, or if he resides without the state, to the sheriff of the county where the judgment-roll is filed; and has been returned wholly or partly unsatisfied.
>
> 2. The complaint shall state whether any other action has been brought to recover any part of the mortgage debt, and, if so, whether any part has been collected.
>
> 3. While the action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought.

"The purpose of RPAPL § 1301 is 'to avoid multiple suits to recover the same mortgage debt and confine the proceedings to collect the mortgage debt to one court and one action." *Resolution Tr. Corp. v. J.I. Sopher & Co.*, No. 96-6198, 1997 U.S. App. LEXIS 4028, at *6 (2d Cir. Mar. 6, 1997) (summary order) (quoting *Dollar Dry Dock Bank v. Piping Rock Builders, Inc.*, 181 A.D.2d 709, 710 (2d Dep't 1992)).  "This 'election of remedies' rule [also] applies to actions on the guaranty of a note."  *Id.* (quoting *Manufacturers Hanover Trust Co. v. 400 Garden City Assocs.*, 568 N.Y.S.2d 505, 507 (N.Y. Sup. Ct. 1991)).

"However, New York courts have interpreted section 1301(3) to allow a separate cause of action in 'special' circumstances."  *Id.*  Whether a plaintiff has shown special circumstances is

evaluated under "equitable principles on a case-by-case basis" with a focus on "whether the plaintiff could have obtained all the relief it was entitled to in the foreclosure action without the undue burden of commencing an action on the debt." *Stein v. Nellen Dev. Corp*., 473 N.Y.S.2d 331, 333 (Sup. Ct. 1984). If the plaintiff "could have had a perfect remedy against *all persons who were liable for the payment of the debt*" by making them parties to the foreclosure suit and obtaining a deficiency judgment against them, special circumstances likely do not exist to permit further proceedings. *Merchs. Nat'l Bank & Tr. Co. v. Wagner*, 402 N.Y.S.2d 936, 939 (Sup. Ct. 1978) (citation omitted; emphasis in original).

Here, the Court finds that special circumstances do not exist because the Lender should have and could have included the Guarantors in the instant foreclosure action and sought a deficiency judgment against them herein.

### B. RPAPL § 1371 Required the Lender to Name and Seek a Deficiency Judgment Against the Guarantors in the Instant Foreclosure Action

"A corollary to [RPAPL § 1301] is found in RPAPL § 1371, which sets out the procedures for obtaining a deficiency judgment." *Trustco Bank v. Pearl Mont Commons, LLC*, 47 N.Y.S.3d 644, 649 (Sup. Ct. 2016). RPAPL § 1371(1) requires a plaintiff to name as a defendant any person from whom it seeks a deficiency judgment. *See United States v. Whitney*, 602 F. Supp. 722, 731 (W.D.N.Y. 1985) ("New York law provides that a mortgagee may recover from the mortgagor the debt remaining unsatisfied after foreclosure, but only if the person liable for the payment of the debt secured by the mortgage was made a defendant in the action, and appeared or was personally served with the summons in the action. Therefore, an action to foreclose a mortgage does not automatically result in a money judgment against a person who was not made a party to the proceeding. A mortgagee waives its rights against the mortgagor on his bond by electing to foreclose without his appearance or service upon him.") (internal citation omitted).

This rule applies to guarantors. *See Merchs. Nat'l Bank*, 402 N.Y.S.2d at 939 (rejecting a distinction between guarantors and mortgagors for purposes of RPAPL § 1371, holding that "the protection of the statute was clearly extended to guarantors from the beginning," and explaining that the statute requires a plaintiff who wishes to preserve its right to a deficiency judgment to make all persons who are liable for the mortgaged debt defendants in the foreclosure action).

Here, then, the Lender should have included the Guarantors as defendants in the instant foreclosure action, but it did not.[2]  Instead, the Lender sued only the Borrower.  After winning summary judgment against the Borrower, the Lender submitted a proposed foreclosure judgment to the Court, which the Court ultimately entered.  ECF Nos. 101, 104.  That judgment—which was drafted by the Lender—explicitly states that "the proceeds of [the foreclosure] sale, regardless of amount, shall be deemed to be in full satisfaction of the mortgaged debt as authorized by § 1371(3)[,] (4) of [RPAPL]."  ECF No. 101, 104 at 9.  The judgment's language is consistent with RRPAPL § 1371(3), which states that "[i]f no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist."

The Lender argues that the Guarantors cannot rely on the judgment's "full-satisfaction" provision because the Guarantors were not parties to the foreclosure action and thus their rights and obligations under the guaranty—an independent contract—were not adjudicated in the foreclosure judgment.[3]  But this reasoning is circular: it is the Lender's own exclusion of the

---

[2] The Lender's rationale for excluding the Guarantors from this lawsuit is discussed below.

[3] This argument might be availing in other jurisdictions.  *See, e.g.*, *MFW Assocs., LLC v. Plausteiner*, 2016 U.S. Dist. LEXIS 38846, at *50 (S.D.N.Y. Mar. 24, 2016) (under Vermont law, a Vermont foreclosure judgment that waived the mortgagee's right to seek a deficiency judgment against the mortgagor did not operate as *res judicata* to bar the mortgagee from later seeking a deficiency judgment in a separate action against the guarantor, whose liability on the

Guarantors from the foreclosure action that resulted in their absence from the judgment.[4]  New York law required the Lender to include the Guarantors in the foreclosure action if it wanted a deficiency judgment against them.  As the court explained in *Minin v. 2494 Amsterdam Ave. LLC*, 2011 N.Y. Misc. LEXIS 5203 at *6-7 (Sup. Ct. 2011):

> RPAPL §1301 must be read in conjunction with RPAPL §1371(1) which, as relevant here, indicates that an individual must be named as a defendant in the foreclosure action if the plaintiff intends to hold that individual liable for any deficiency judgment obtained after the foreclosure judgment and sale. . . . While RPAPL §1301 bars two separate actions (one in equity seeking foreclosure and one at law seeking a money judgment on the debt), it does not bar the inclusion in one action of a cause of action for foreclosure and a cause of action for a deficiency judgment following the sale.  On the contrary, the request for a deficiency judgment is an "incidental remedy" that should be included in the foreclosure action.  Similarly, a guaranty is not distinct from the mortgage debt and is appropriately enforced in the foreclosure action when the deficiency judgment is sought following the sale. . . . To the extent the plaintiff wishes to preserve its right to enter a deficiency judgment against the guarantor, the guarantor is not only a proper party to the foreclosure action, but he is entitled to notice of the foreclosure sale so he can attend and protect his interests.

*See also Marine Midland Bank v. Harrigan*, No. 86-CV-63, 1987 U.S. Dist. LEXIS 10988, at *3 (N.D.N.Y. Nov. 23, 1987) (holding that a separate deficiency action could not be maintained against a guarantor where the plaintiff had brought a separate foreclosure action against the borrower but had not named the guarantor in that action); *La Jolla Bank, FSB v. Whitestone Jewels, LLC*, 2011 N.Y. Misc. LEXIS 6067, *19 (Sup. Ct. 2011) ("A mortgagee that fails to name a guarantor as a defendant in a mortgage foreclosure proceeding could lose the right to seek a deficiency judgment against the guarantor.  Thus[,] naming Guarantors as defendants to [a] foreclosure action is an acceptable way to preserve any deficiency judgment claim that plaintiff

---

underlying note was not adjudicated in the Vermont foreclosure action).  However, under New York law, the Lender was required to include the Guarantors in the foreclosure suit if it wanted a deficiency judgment against them.

[4] For this reason, the Lender's argument that, in the guaranty, the Guarantors waived their right to assert an election of remedies defense also fails.  *See Fed. Home Loan Mortg. Corp. v. Sierra*, 641 N.Y.S.2d 291, 292 (1st Dep't 1996) ("Any alleged waiver of RPAPL § 1371(3) does not avail plaintiff, since it is plaintiff's failure to seek deficiency judgments pursuant to that statute that renders the four guarantees unenforceable.").

5

may have against . . . Guarantors arising from their obligations under the Guaranty."); *Mariani v. J.K.I.F. Mgmt.*, 602 N.Y.S.2d 84, 86 (Sup. Ct. 1993) (holding that a "guarantor is, under RPAPL § 1371, a person liable to the plaintiffs for the debt secured by the mortgage and 'like the debtor, is entitled to the protection of RPAPL § 1371(3) when no deficiency judgment is obtained'") (quoting *Sanders v. Palmer*, 78 N.Y.2d 180, 186 (1986)).

Accordingly, under the explicit language of the judgment and under RPAPL § 1371(1), (2),[5] and (3), the Lender's failure to name the Guarantors in the foreclosure action and move for a deficiency judgment against them means that the proceeds of the sale are deemed to have fully satisfied the mortgage debt, and no right to recover a deficiency now exists. *See Trustco*, 47 N.Y.S.3d at 652 ("[U]nder RPAPL § 1371(3), the consequence of failure to seek a deficiency judgment is the elimination of any further claim by the mortgagee. . . . [This] result[s] in the mortgage debt being deemed fully satisfied by the foreclosure sale.  Therefore, the guaranty . . . [is] also satisfied, eviscerating plaintiff's judgment against [the guarantor] and leaving no obligation remaining to serve as a foundation for plaintiff's claims . . . ."); *TBS Enters., Inc. v. Grobe*, 494 N.Y.S.2d 716, 717-18 (2nd Dep't 1985) (rejecting argument that note and guarantee were independent from the mortgage because "it is a well-established rule of contract law that all contemporaneous instruments between the same parties relating to the same subject matter are to be read together and interpreted as forming part of one and the same transaction" and holding that "it is not contract construction which renders the note and guarantee unenforceable; rather, it is plaintiff's election to seek  recovery in a separate action, in contravention of the

---

[5] RPAPL § 1371(2) requires a plaintiff to move for a deficiency judgment within 90 days after receiving the deeds from the foreclosure sale, and to do so simultaneously with a motion to confirm the sale.  Here, the Lender moved to confirm the sale on June 2, 2020, but did not simultaneously (or ever) move for a deficiency judgment.  As for the 90 day requirement, the sale occurred on December 5, 2019, and the Lender acknowledges that it received the deeds, but it does not indicate when.  If it was more than 90 days ago, the Lender's right to seek a deficiency judgment is time barred for this reason as well.

6

applicable statutes . . . . Plaintiff may not, under the guise of contract construction, avoid the strictures of the RPAPL . . .  Accordingly, because plaintiff did not seek a deficiency judgment in the foreclosure action, the consequence of its bid at the foreclosure sale was to give full credit to the mortgagor for the amount of the mortgage balance . . . . The debt of the mortgagor being satisfied, there can be no action against the guarantor." (internal citations omitted)).

### C.    The Lender Could Have Included the Guarantors in the Foreclosure Action

The Lender argues that it should be able to bring a separate action against the Guarantors now because it could not comply with RPAPL § 1371 by naming the Guarantors as defendants in the original foreclosure action at the time it was commenced, in November 2015.  The Lender's rationale is as follows.

The note and guaranty in this case were non-recourse subject to springing recourse carve-out events.  This means that the Lender agreed to pursue foreclosure of the mortgaged property in the event of default instead of seeking a money judgment against the Borrower or Guarantors, but if the Borrower or Guarantors defended against or otherwise impeded the foreclosure, they would be liable for the entire debt.  *See* ECF No. 111-13 at 6-7.  The Lender's position is that, at the time it commenced the foreclosure action against the Borrower, it could not include the Guarantors as defendants because the springing recourse carve-out event—the Borrower's or Guarantors' interference with the foreclosure—had not yet occurred.  Thus, the Lender argues, a suit against the Guarantors would have been subject to immediate dismissal.

But the Lender also asserts that the Borrower "advanced a baseless and frivolous defense in this foreclosure action, designed to contest, interfere, and unnecessarily delay the same" and that it "contested and opposed these foreclosure proceedings at just about every juncture."  ECF No. 111-13 at 4, 6.  The Lender maintains that the Borrower's "acts in contesting, interfering, and

unnecessarily delaying the foreclosure proceedings constitute a carve-out event triggering the Guarantor's full recourse liability." ECF No. 111-13 at 7.

Nothing stopped the Lender from adding the Guarantors to the lawsuit once the springing recourse carve-out events triggered their liability, arguably as early as January 2016, when the Borrower asserted affirmative defenses. *See* ECF No. 10. A similar situation occurred in *172 Madison (NY) LLC v. NMP-Group, LLC*, 977 N.Y.S.2d at 668 (Sup. Ct. 2013). There, a springing recourse carve-out guaranty said that the guarantor would be liable for the mortgaged debt if the borrower impeded any foreclosure proceedings by declaring bankruptcy. *Id.* After the borrower defaulted, the lender brought foreclosure proceedings, naming the borrower and the guarantor. *Id.* The Lender secured a foreclosure judgment against the borrower only. *Id.* On the day the sale was to be held, the borrower filed for bankruptcy. *Id.* The lender then moved for summary judgment against the guarantor, arguing that the borrower's bankruptcy petition triggered the guarantor's liability for the debt. *Id.*

The guarantor opposed the motion on the basis that the lender's complaint never sought to hold her liable on the guaranty. *Id.* The court acknowledged that under RPAPL § 1031, "the election to foreclose a mortgage bars an action on the debt, absent leave of court," and that "a lender who neglects to reserve its rights to pursue a deficiency judgment cannot seek to do so after the foreclosure judgment has been entered." *Id.* But the court held that, because the lender had

> conditionally agreed to limit its remedies to foreclosure, subject to the borrowing parties' compliance with certain loan covenants, and the borrowing parties breach[ed] those covenants only after the commencement of foreclosure proceedings, RPAPL § 1301 [did] not preclude the lender from seeking alternative relief at that point, since such relief was unavailable at the time the foreclosure action was commenced.

*Id.* The court therefore granted summary judgment in favor of the lender against the guarantor.

8

The Court notes that in *172 Madison*, even though the springing recourse event—the borrower's bankruptcy petition—did not occur until after the judgment was entered and therefore did not trigger the guarantor's liability until that late time, the lender still named the guarantor as a defendant in the original foreclosure action, albeit without seeking to establish the guarantor's liability in the complaint.

Here, the Lender did not name the Guarantors as defendants in the original foreclosure action at all. Even if this omission was appropriate under the non-recourse terms of the guaranty, the Lender still failed to add the Guarantors to the action when the springing recourse events occurred—*i.e.*, when the Borrower contested the foreclosure action. Instead, the Lender waited until the foreclosure action was complete, judgment was entered, the judgment was assigned and amended to include the new plaintiff, and the property was sold—all in all, over four years—before attempting to seek relief against the Guarantors.

For that reason, the Court finds that the Lender has not established that "special circumstances" warrant leave to bring a separate action against the Guarantors. Finding otherwise would prejudice the Guarantors, who skipped the foreclosure sale on the assumption that the Lender was not pursuing a deficiency judgment against them. *See Security Pacific Mortg. & Real Estate Services, Inc. v. Herald Center, Ltd*., 731 F. Supp. 605, 608 (S.D.N.Y. 1990) ("In the mortgage foreclosure context, substantive rights would be affected by an amendment adding a deficiency if, for example, the party against whom the deficiency is sought had relied upon the absence of the language in the judgment in not attending the foreclosure sale or otherwise protecting her interests in avoiding deficiency, or if that party were prejudiced by inadequate notice of the proceeding."); *Pirrera v FMO Assoc. II, LLC*, 89 A.D.3d 911, 912-13 (2d Dep't 2011) (affirming denial of motion to amend foreclosure judgment to add a deficiency provision against

guarantors where doing so would prejudice them because they reasonably relied on the absence of a deficiency provision within the judgment); *Barclays Bank of N.Y. N.A. v. Strathmore Five Realty Co.*, 245 A.D.2d 406 (2d Dep't 1997) (reversing trial court's order granting plaintiff's post-sale motion to amend a foreclosure judgment to permit a deficiency judgment against a guarantor who was omitted from the judgment where the plaintiff had named multiple guarantors as defendants in the action, but the judgment provided for a deficiency against only one of them); *Hayden v. Akner*, 65 N.Y.S.2d 499 (N.Y. Sup. Ct. 1946) (denying a motion to amend a judgment to include a deficiency, reasoning "it is now too late to amend the judgment of foreclosure and sale so as to provide for a deficiency judgment. The sale has been had and confirmed and the attitude of the defendants about protecting themselves upon the sale was no doubt governed by the absence in the judgment of any provision therein in reference to their liability for a deficiency."); *Gellens v. Saso*, 44 N.Y.S.2d 84, 85 (Sup. Ct. 1943) (where foreclosure judgment failed to incorporate a provision for a deficiency judgment, the plaintiff could not seek one, nor amend the judgment to include it); *cf. Pines at Setauket v. Ret. Mgmt. Grp.*, 667 N.Y.S.2d 762, 764 (2nd Dep't 1998) (acknowledging that a plaintiff could not seek a deficiency against guarantors where the judgment failed to provide for it, but holding that plaintiff could amend the judgment to seek a deficiency where a mere "error in draftsmanship" resulted in the omission of the deficiency provision and guarantors would not be prejudiced).

Accordingly, the Lender's motion to file a separate action against the Guarantors is DENIED.

## II.    The Guarantors' Motions to Intervene

Because the Guarantors are not parties to this action, they seek leave to intervene and oppose the Lender's motion to file a separate action.  ECF Nos. 119, 120.  Federal Rule of Civil

Procedure 24(a)(2) confers the right to intervene on any person who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Here, the Guarantors have a monetary interest in the loan transaction that is the subject of this foreclosure proceeding, and disposing of the Lender's motion without allowing the Guarantors to adequately represent themselves could impair that interest.  The Lender does not oppose intervention.  Accordingly, the Guarantors' motions to intervene for the purpose of opposing the Lender's motion are GRANTED.

## III.    The Lender's Motion to Confirm Referee's Report of Sale

Finally, the Lender moves to confirm the referee's report of the foreclosure sale, approve the receiver's accounts, and discharge the receiver.  ECF Nos. 113, 114.  That motion is also unopposed and is GRANTED as follows:

On reading and filing the Declaration of Nicholas B. Davis, Esq. made on May 29, 2020, ECF No. 113-1 at 3, and the Affidavit of Austin Shapiro made on behalf of M. Shapiro Management Company, LLC, the Receiver appointed in this action, dated April 29, 2020 ("Receiver's Affidavit"), ECF No. 113-4, and upon reading the Summons and Complaint and all other pleadings, papers, and proceedings in this action, and due deliberations having been had and upon proof of service upon all necessary parties, it is

ORDERED, that the Referee's Report made by Francis M. Ciardi, Esq. and made April 29, 2020, ECF No. 113-3, is hereby confirmed; and it is further

ORDERED, that the Receiver, M. Shapiro Management Company, LLC, is allowed the sum of $100,806.45 as and for his commission as Receiver; and it is further

ORDERED, that the accounting of the Receiver, M. Shapiro Management Company, LLC, as set forth in the Receiver's Affidavit, is approved, ratified and confirmed, and the Receiver is hereby directed, upon paying the costs of the receivership, to turn over to plaintiff the remaining funds in his account; and it is further

ORDERED, that the Receiver, M. Shapiro Management Company, LLC, is discharged as Receiver as of this date and the Receiver's bond is hereby released.

## CONCLUSION

For all the reasons stated, Plaintiff Letchworth Realty, LLC's motion for leave to file a separate action, ECF No. 111, is DENIED.  Non-parties Jeffrey Luellen's and Frank Luellen's motions for leave to intervene, ECF Nos. 119, 120, are GRANTED.  Plaintiff Letchworth Realty, LLC's motion to confirm referee's report of sale, ECF Nos. 113, 114, is GRANTED as set forth above.

IT IS SO ORDERED.

Dated: September 6, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court